**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
GAMMA RHO CHAPTER OF ALPHA PHI
DELTA FRATERNITY, et al.,

                    Plaintiffs,          Docket No.: 17-cv-09766 NRB

      v.

CITY UNIVERSITY OF NEW YORK, et al.,    **SETTLEMENT AGREEMENT,**
                             **GENERAL RELEASE, AND**
                     Defendants.      **ORDER OF DISMISSAL**
--------------------------------------------------------------x

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF

DISMISSAL ("Settlement Agreement") is made by and between Plaintiffs Gamma Rho

Chapter of the Alpha Phi Delta Fraternity, Alpha Phi Delta Fraternity, Inc., Manjeet

Singh, Ruhed Chowdhury, Dylan Hom, Roman Brito, Isaias Franco, David Jules, Nelson

Reyes, Jr., Bryan Mendez, Alasco Prescott, Christian Obando, Mohammed Jaffery, and

Jovany Mujica ("Plaintiffs"), and Defendants The City University of New York

("CUNY")[1], James Milliken, Mitchel Wallerstein, David P. Christy, Art King, and

Matthew Edwards ("Defendants"), as of May 13, 2019:

WHEREAS, Plaintiffs commenced this action challenging the Defendants'

actions against the Plaintiffs and the ongoing Baruch College moratorium on all pledging

and recruitment activities by Baruch College Greek social organizations (the

"Moratorium") by filing a complaint on or about December 13, 2017, in this Court, Case

Number 1:17-cv-09766 (NRB), in the above-captioned action ("the Federal Action")

(Dkt. #1); and

---

[1] Baruch College is a senior college within the CUNY system, but is not a legally cognizable entity and cannot be sued. Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 n. 2 (2d Cir. 2004).  Because CUNY is the only proper institutional defendant, Defendants respectfully request the caption be amended to remove Baruch College as a defendant.

1

WHEREAS, some of the within Plaintiffs also commenced an Article 78 action (the "Article 78 Action") against some of the within Defendants in New York State Supreme Court, New York County, styled under Index No. 101813/2017; and

WHEREAS, some of the within Plaintiffs have asserted two claims at the New York State Court of Claims against some of the within Defendants under Claim Nos. 130603 and 130685 (the "Court of Claims Actions"); and

WHEREAS, the Federal Action, the Article 78 Action, and the Court of Claims Actions shall hereinafter be referred to collectively as "the Gamma Rho Actions"; and

WHEREAS, the Defendants, including, without limitation, any and all of its constituent divisions and units, and their present and former officers, agents and employees, whether in their individual or official capacities, including but not limited to David Christy, Matthew Edwards, Art King, James Milliken and Mitchel Wallerstein ("Individual Defendants"), expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, law or CUNY policy or practice in this matter whatsoever and do not concede that such claims even necessarily lie; and

WHEREAS, each Plaintiff, including but not limited to Manjeet Singh, Ruhed Chowdhury, Dylan Hom, Roman Brito, Isaias Franco, David Jules, Nelson Reyes, Jr., Bryan Mendez, Alasco Prescott, Christian Obando, Mohammed Jaffery, and Jovany Mujica ("Individual Plaintiffs") expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, law or CUNY policy or practice in this matter whatsoever and does not concede that such claims even necessarily lie; and

WHEREAS, Plaintiffs and CUNY including, without limitation, any and all of its constituent divisions and units, and their present and former officers, agents and

employees, whether in their individual or official capacities, including but not limited to the Individual Defendants, desire to fully resolve the claims between them in connection with the Gamma Rho Actions, whether known or unknown, without further litigation, arbitration or proceedings and without admission of fault or liability, and desire to fully resolve any and all other disputes of which Plaintiffs are, or should be, aware, without further litigation, arbitration or proceedings and without admission of fault or liability; and

WHEREAS, the Individual Defendants have read this Agreement and consent to be bound by this Agreement as CUNY employees; and

WHEREAS, Plaintiffs are dismissing the Individual Defendants from this action with prejudice and this Settlement will be entered into between CUNY and Plaintiffs; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other considerations contained in this Settlement Agreement, Plaintiffs and CUNY hereby stipulate and agree as follows:

1. **Dismissal of Action against Defendants with Prejudice.**

The Action, and all claims which were or could have been asserted by Plaintiffs in the Action, are hereby dismissed with prejudice against CUNY (including Baruch College) and the Individual Defendants, both in their personal and official capacities, pursuant to Fed. R. Civ. P. 41(a) and without payment, attorney's fees, costs, disbursements, or expenses. Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiffs shall execute and deliver to counsel for Defendants a stipulation and order, in the form attached hereto as Exhibit A, dismissing with prejudice the Action and all claims in the Action against CUNY and the Individual Defendants, both in their individual and official capacities, pursuant to Fed. R. Civ. P.

41(a), and without payment, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other.

**2. <u>Severance of Ties between Alpha Phi Delta and the CUNY.</u>**

Effective June 15, 2019, Plaintiffs will officially sever all ties between Alpha Phi Delta and The City University of New York's Baruch College, including removal of all references to CUNY and Baruch College, or use of their marks or symbols, in any of the fraternity's materials, communications, or social media platforms, including the national website and chapter website.

**3. <u>Closing of Gamma Rho Chapter of Alpha Phi Delta.</u>**

Effective April 15, 2019, the national fraternity officially closed the Gamma Rho Chapter (identified in fraternity records as the Baruch College Chapter) and formed a new entity (the "New Chapter") that will operate under a different name. Plaintiffs agree that the New Chapter, with a different name, will not be located on any CUNY property and will open its recruitment and eligibility for membership to all students of institutions of higher education located in Manhattan, but will not engage in recruitment or membership activities on any CUNY campus, including Baruch College's campus.

**4. <u>Use of CUNY Resources.</u>**

Without conceding that Plaintiffs used such resources at any particular time, effective June 15, 2019, Plaintiffs will not use any CUNY or Baruch College resources in their activities relating to Alpha Phi Delta Fraternity or the New Chapter, including CUNY email, student activities fees, campus locations or facilities, CUNY marks or symbols, CUNY's official website, official CUNY events, or CUNY funding.

4

**5.   Engagement in Recruitment or Membership Activities on any CUNY Campus.**

Alpha Phi Delta Fraternity and any Plaintiff when he is engaged in Fraternity related activities for the New Chapter agree that: (1) the New Chapter will not engage in any recruitment or membership activities on any CUNY campus; and (2) the New Chapter will educate all members that they may not use any CUNY resource (including CUNY email addresses) to engage in any recruitment activities, including having in-person conversations about potential membership or pledging the New Chapter on any CUNY campus, including Baruch College's campus.   The education shall provide that if any member of the New Chapter receives an in-person inquiry relating to potential membership or pledging while located on a CUNY campus, or through CUNY email, that member shall inform the inquirer that this information cannot be communicated on a CUNY campus or using CUNY resources and redirect the inquiry to a specific email address, website, phone number, or location that is unaffiliated with CUNY.  This provision shall not be misconstrued to suggest that Chapter members are prohibited from discussing the Chapter while on any CUNY campus, so long as that discussion does not pertain to recruitment.   However, in such in-person discussions, if the issue of recruitment, new membership, pledging, joining, or otherwise sharing information about becoming a member of the New Chapter, is raised, the member shall clearly state that he cannot recruit on campus, but can direct any inquiry or discussion to an off-campus location or communication, or provide web, social media, or phone information.

**6.   Participation in on-campus events or activities.**

The Parties hereby agree that the New Chapter may only participate in on-campus events or activities at Baruch College to the extent that groups unaffiliated with Baruch College or CUNY are permitted to participate, subject to the limitations of Paragraph 5.

**7. Statement of non-affiliation with CUNY on website and in recruitment material.**

Alpha Phi Delta agrees that the New Chapter's website and all recruitment materials will include language specifically stating that it is unaffiliated with CUNY or any of its affiliated colleges or institutions.

**8. Application of Moratorium.**

In full consideration of Plaintiffs' execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, CUNY for itself and on behalf of the Individual Defendants agrees that the Moratorium or any future extensions or revisions to the policy will not be applied to the New Chapter, which will not be affiliated with CUNY or Baruch College, so long as the New Chapter abides by the terms of the Settlement Agreement.

**9. Vacation of Sanctions against Plaintiffs.**

CUNY vacates and withdraws sanctions, including but not limited to all charges brought against each Plaintiff relating to the Moratorium, imposed against all of the Plaintiffs. All references to such charges and sanctions will be removed from each Plaintiff's official student record and the electronic student conduct database maintained by the Office of the Dean of Students. The Parties understand that it is not possible to eliminate all such references in files outside of each official student record and the electronic student conduct database. Accordingly, the Defendants agree that any such reference or record of past disciplinary actions taken by Baruch against any Plaintiff relating to the Moratorium cannot be used as a precedent or predicate against such Plaintiff or in any future disciplinary action against such Plaintiff.

**10. No Disciplinary Action against Students Solely for Membership in New Chapter.**

While any CUNY student is always subject to the University's Code of Conduct, CUNY agrees that, subject to this agreement, no student will be disciplined solely for his or her membership in the New Chapter so long as the Plaintiffs and the New Chapter abide by the terms of the Settlement Agreement.

**11.  Other Chapters of Alpha Phi Delta.**

This Settlement Agreement will not affect the existing affiliation of any other Alpha Phi Delta chapter with any other CUNY institution.

**12. General Release in Favor of Defendants.**

Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns, including but not limited to The New Chapter (collectively, "the Releasing Parties"), hereby release and forever discharge the State of New York and CUNY, together with all of their present and former subdivisions, subsidiaries, agencies, as well as their principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, heirs, administrators, and assigns, personally and in their official capacity, and the Individual Defendants, both in their personal and official capacities (collectively "the Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Gamma Rho Actions;  the Releasing Parties further release and forever discharge the Released Parties

7

from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promise, damages, judgments, claims, and demands whatsoever, direct or indirect, of which, as of the date of signing of this Agreement, the Releasing Parties are aware or should be aware.

### 13. <u>No Attorney's Fees.</u>

No party is entitled to payment of attorney's fees, costs, disbursements or expenses in connection with this Action, or in connection with any other proceeding (administrative, judicial, or otherwise) including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

### 14. <u>No Prevailing Party.</u>

Neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 15. <u>Binding Effect on Successors and Assigns.</u>

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 16. <u>Authority.</u>

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**17. Voluntary Agreement.**

Plaintiffs represent that they have thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 12) with their attorneys, and Plaintiffs represent that they have carefully read and fully understand all of the provisions of this Settlement Agreement.   Plaintiffs represent that they execute and deliver this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effects, and acknowledge that they understand its terms, contents and effect.   Plaintiffs acknowledge that they have consulted with counsel of their choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

**18. Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and strictly for or against any party.

**19. Dismissal of Related Litigation in State Court.**

The parties agree to stipulate to the dismissal of Hom, et al. v. CUNY, et al., Index No. 101813/2017, the related Article 78 litigation before the Honorable Judge Shlomo S. Hagler in the Supreme Court of the State of New York, County of New York, hereinabove defined as the Article 78 Action; and, the Court of Claims Actions, as hereinabove defined.  Plaintiffs agree to immediately file the stipulation and to take such other or further steps as may be required to secure the dismissal of those proceedings.

**20. <u>No Other Action Commenced.</u>**

Other than the Federal Action, the Article 78 Action, and the Court of Claims Actions, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against CUNY or the State of New York, together with all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacity, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant CUNY to enter into this Settlement Agreement.

**21. <u>No Admission of Liability.</u>**

It is understood and agreed that any actions taken pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims or responsive allegations made by any party in this dispute or as constituting any admission of wrongdoing or liability on the part of any party, expressly including CUNY, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of CUNY or the State of New York.

10

**22. <u>No Precedential Value.</u>**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the State of New York or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities, including but not limited to the Individual Defendants in their personal and official capacities, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

**23. <u>Entire Agreement.</u>**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**24. <u>Governing Law.</u>**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**25. <u>Severability.</u>**

If any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**26. <u>Headings.</u>**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**27. <u>Submission to the Court.</u>**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

**28. <u>Counterparts.</u>**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute on and the same instrument.

**IN WITNESS WHEREOF,** the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first written above.

_____

**Todd Cusato for Gamma Rho Chapter of the Alpha Phi Delta Fraternity**
Plaintiff

STATE OF NEW YORK, COUNTY OF _Kings_ : §§:

On the _6th_ day of _May_, 2019, before me, the undersigned, a Notary Public in and for _Todd Cusato_ , personally came and appeared MR. TODD CUSATO, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: _May 6th_ New York
_6th_ Day of _May_ , 2019

ROBERT C. HOLCOMBE
Notary Public, State of New York
No. 01HO6058017
Qualified in Suffolk County
Certificate filed in Kings County
Commission Expires April 30, 2023

13

_____

**Todd Cusato for Alpha Phi Delta Fraternity, Inc.**
Plaintiff

STATE OF NEW YORK, COUNTY OF _Kings_ : §§:

On the _6th_ day of _May_, 2019, before me, the undersigned, a Notary Public in and for

_Todd Cusato_, personally came and appeared MR. TODD CUSATO, known to me

or proved to me on the basis of satisfactory evidence to be the individual whose name is

subscribed to the within instrument, and acknowledged to me that he executed the same in his

capacity, and that by his signature on the instrument, the individual, or the person upon behalf of

which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: _May 6th_, New York
_6th_ Day of _May_, 2019

ROBERT C. HOLCOMBE
Notary Public, State of New York
No. 01HO6058017
Qualified in Suffolk County
Certificate filed in Kings County
Commission Expires April 30, 2023

14

**Manjeet Singh**
Plaintiff

STATE OF NEW YORK, COUNTY OF _____ : §§:

On the 29 day of 05 , 2019, before me, the undersigned, a Notary Public in and for MANJEET SINGH , personally came and appeared MR. MANJEET SINGH, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: _____ , New York
29 Day of mAY , 2019

SATWANT MINHAS
Notary public- state of new york
Commission No: 01MI6124965
Qualified in Queens County
Commission Expires April 04,2021

**Ruhed Chowdhury**
Plaintiff

STATE OF NEW YORK, COUNTY OF _QNS_ : §§:

On the _9th_ day of _MAY_, 2019, before me, the undersigned, a Notary Public in and for

_RUHED CHOWDHURY_ personally came and appeared MR. RUHED CHOWDHURY, known

to me or proved to me on the basis of satisfactory evidence to be the individual whose name is

subscribed to the within instrument, and acknowledged to me, that he executed the same in his

capacity, and that by his signature on the instrument, the individual, or the person upon behalf of

which the individual acted, executed the instrument.

NOTARY PUBLIC

EDWARD S. SAWCHUK
Notary Public, State of New York
No. 01SA6296841
Qualified in Suffolk County
Commission Expires September 19, 20__

**Dylan Hom**
Plaintiff

STATE OF NEW YORK, COUNTY OF ___ny___: §§:

On the 8 day of May , 2019, before me, the undersigned, a Notary Public in and for

_____, personally came and appeared MR. DYLAN HOM, known to me or

proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed

to the within instrument, and acknowledged to me that he executed the same in his capacity, and

that by his signature on the instrument, the individual, or the person upon behalf of which the

individual acted, executed the instrument.

NOTARY PUBLIC

Dated: 5/8/19 , New York
8 Day of May , 2019

NAINESH S. BODAWALA
Notary Public, State of New York
Registration #01BO6375447
Qualified In New York County
Commission Expires May 21, 2022

17

_Roman Brito_

**Roman Brito**
Plaintiff

STATE OF NEW YORK, COUNTY OF_____: §§:

On the ___ day of _____, 2019, before me, the undersigned, a Notary Public in and for

_____, personally came and appeared MR. ROMAN BRITO, known to me

or proved to me on the basis of satisfactory evidence to be the individual whose name is

subscribed to the within instrument, and acknowledged to me that he executed the same in his

capacity, and that by his signature on the instrument, the individual, or the person upon behalf of

which the individual acted, executed the instrument.

Dated: _New York_ , New York
_18_ Day of _May_ , 2019

NOTARY PUBLIC

2

**Isaias Franco**
Plaintiff

STATE OF NEW YORK, COUNTY OF _BRONX_ : §§:

On the _23rd_ day of _MAY_, 2019, before me, the undersigned, a Notary Public in and for _ISAIAS FRANCO_, personally came and appeared MR. ISAIAS FRANCO, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: _JAMAICA_, New York
_13th_ Day of _MAY_, 2019

EDWARD S. SAWCHUK
Notary Public, State of New York
No. 02SA4903274
Qualified in Queens County
Commission Expires September 18, 20 _21_

19

David Jules
Plaintiff

STATE OF NEW YORK, COUNTY OF ___New York§§:

On the 6 day of May , 2019, before me, the undersigned, a Notary Public in and for ___New York___, personally came and appeared MR. DAVID JULES, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: New York, New York
       6 Day of May , 2019

ISAAC I GUZMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GU6374678
Qualified in New York County
My Commission Expires 04-30-2022

15

_Nelson Reyes, Jr._ (signature)

**Nelson Reyes, Jr.**
Plaintiff

STATE OF NEW YORK, COUNTY OF _New York_ §§:

On the 23rd day of _May_, 2019, before me, the undersigned, a Notary Public in and for _Nelson Reyes Jr._ personally came and appeared MR. NELSON REYES, JR., known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: _Jamaica_, New York
       23rd Day of _May_, 2019

EDWARD S. ___ ___ ___
Notary Public, State of New York
No. 02SA4005___4
Qualified in Queens County
Commission Expires September 16, 2021

21

**Bryan Mendez** ~8   MENDEZ
Plaintiff

STATE OF NEW YORK, COUNTY OF _SUFFOLK_ : §§:

On the _18th_ day of _MAY_ , 2019, before me, the undersigned, a Notary Public in and for

_BRYAN MENDEZ_ personally came and appeared MR. BRYAN MENDEZ, known to me

or proved to me on the basis of satisfactory evidence to be the individual whose name is

subscribed to the within instrument, and acknowledged to me that he executed the same in his

capacity, and that by his signature on the instrument, the individual, or the person upon behalf of

which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: _BRENTWOOD_ , New York
_18th_ Day of _MAY_ , 2019

EDWARD S. SAWCHUK
Notary Public, State of New York
No. 02SA4903274
Qualified In Queens County
Commission Expires September 18, 20 _21_

22

_____

**Alasco Prescott**
Plaintiff

STATE OF NEW YORK, COUNTY OF KINGS : §§:

On the 23RD day of MAY, 2019, before me, the undersigned, a Notary Public in and for ALASCO PRESCOTT, personally came and appeared MR. ALASCO PRESCOTT, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Dated: JAMAICA New York
23RD Day of MAY, 2019

EDWARD S. SAWCHUK
Notary Public, State of New York
No. 02SA4903274
Qualified in Queens County
Commission Expires September 18, 20 21

**Christian Obando**
Plaintiff

STATE OF NEW YORK, COUNTY OF _New York_ §§:

On the _25th_ day of _May_, 2019, before me, the undersigned, a Notary Public in and for _Christian Obando_, personally came and appeared MR. CHRISTIAN OBANDO, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

Dated: _Jamaica_, New York
_25th_ Day of _May_, 2019

EDWARD S. SAWCHUK
Notary Public, State of New York
No. 02SA4903274
Qualified in Queens County
Commission Expires September 18, 20_21_

_M Jaffery_

**Mohammed Jaffery**
Plaintiff

STATE OF NEW YORK, COUNTY OF _____: §§:

On the 1ᵗʰ day of _may_, 2019, before me, the undersigned, a Notary Public in and for _Mohamed Jaffery_, personally came and appeared MR. MOHAMMED JAFFERY, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Robert Magnavito_
NOTARY PUBLIC

Dated: _____, New York
        1ᵗʰ Day of _may_, 2019

**ROBERT MAGNAVITO**
**Notary Public, State of New York**
**No. 01MA6296135**
**Qualified in King County**
**Commission Expires January 27, 2022**

25

STATE OF NEW YORK, COUNTY OF        : §§:

       On ~~March~~ <sup>May</sup> 1st, 2019, before me personally came and appeared _Jovany Mujica_, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

                                    NOTARY PUBLIC

Dated: _____, New York

**Jovany Mujica**
Plaintiff

```
ALEXANDER BEOLA
Notary Public - State of New York
NO. 018E6378306
Qualified in New York County
My Commission Expires Jul 23, 2022
```

17

Dated: June 4 , 2019


LETITIA JAMES
Attorney General for the State of New York
*Attorney for Defendants*
By:

*Attorneys for Plaintiffs*
By:


/s/ Thomas A. Mauro, Esq.


Thomas A. Mauro, Esq.                     Jaclyn D. Saffir, Esq.
1776 K Street N.W.                        Assistant Attorney General
Second Floor                              28 Liberty St.
Washington, D.C. 20006                    New York, NY 10005


/s/ Edward S. Sawchuk


Edward S. Sawchuk, Esq.
89-10 Sutphin Blvd.
Jamaica, NY 11435


SO ORDERED:


_____
Hon. Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dated: _____